UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FRANCISCO SALGADO MARTINEZ,<br><br>　　　　　Defendant. | No. CR-11-6071-FVS<br><br>ORDER DENYING MOTION TO DISMISS INDICTMENT |

**THIS MATTER** came before the Court on December 2, 2011, for oral argument on Defendant's Motion to Dismiss the Indictment. (ECF No. 25). Assistant United States Attorney Alison L. Gregoire appeared on behalf of the United States. Defendant was present and represented by Alison K. Guernsey.

**BACKGROUND**

On October 12, 2011, Defendant was charged by indictment in this district with being an Alien in the United States After Deportation in violation of 8 U.S.C. § 1326. (ECF No. 14). Defendant asserts that the indictment in the instant matter should be dismissed because the underlying deportation violated his due process rights. (ECF No. 26).

**DISCUSSION**

**I.  Collateral Attack on Predicate Conviction**

An alien charged with a § 1326 violation may collaterally attack a "deportation order that constituted an element of a criminal offense." *United States v. Herrera-Blanco*, 232 F.3d 715, 718 (9th Cir. 2000). To prevail on a collateral attack, an alien must show (1)

ORDER DENYING MOTION TO DISMISS INDICTMENT - 1

that the underlying deportation proceeding violated his right to due process and (2) that he was prejudiced by the violation. *Id*.

The validity of the underlying deportation may be collaterally attacked in this criminal proceeding.

**II. Due Process**

Defendant argues that the deportation order upon which the instant prosecution is premised was obtained in violation of his right to due process. (ECF No. 26 at 4). Defendant contends his conviction for "Child Molestation in the Third Degree" in violation of Wash. Rev. Code § 9A.44.089, the offense which resulted in his 2001 deportation, was not an "aggravated felony," and, therefore, he was not deportable on that ground. *Id.*

The Government responds that recent case law supports a finding that third-degree child molestation under Washington state law is categorically a crime of child abuse. *See Jimenez-Juarez v. Holder*, 635 F.3d 1169 (9th Cir. 2011). The Government asserts that, as a result, Defendant's 2001 conviction qualifies as an aggravated felony under federal law.

To determine whether a particular prior conviction constitutes an aggravated felony, the Court applies the categorical approach: it looks only to the statutory definition of the prior convicted offense. *See Pelayo-Garcia v. Holder*, 589 F.3d 1010, 1012-1013 (9th Cir. 2009).

The statute of conviction in this case, Third-Degree Child Molestation under Wash. Rev. Code § 9A.44.089, provides as follows:

> (1) A person is guilty of child molestation in the third degree when the person has, or knowingly causes another person under the age of eighteen to have, sexual contact with another who is at least fourteen years old but less than sixteen years old and not

ORDER DENYING MOTION TO DISMISS INDICTMENT - 2

married to the perpetrator and the perpetrator is at least forty-eight months older than the victim.

Wash. Rev. Code § 9A.44.089.  For purposes of this Washington state statute, "sexual contact" is defined as "any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party or a third party."  Wash. Rev. Code § 9A.44.010.

The Ninth Circuit has formulated two generic definitions of "sexual abuse of a minor" for use in the categorical approach. *Pelayo-Garcia*, 589 F.3d at 1013-1014.  "[A] state offense will be a categorical match for 'sexual abuse of a minor' if it fits either definition."  *United States v. Farmer*, 627 F.3d 416, 421-422 (9th Cir. 2010).

The first generic definition of sexual abuse of a minor has four elements: "(1) a mens rea level of knowingly (as to engaging in the act); (2) a sexual act; (3) with a minor between the ages of 12 and 16; and (4) an age difference of at least four years between the defendant and the minor."  *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147, 1152 (9th Cir. 2008) (parenthetical added).  With regard to this first generic definition, a "sexual act" is defined as: contact between the genitals or between the genitals or the anus, contact between the mouth and the genitals or anus, penetration of the genitals or anus with intent to abuse, humiliate, harass, degrade, or arouse; or intentional skin-to-skin touching of the genitals of one under sixteen.  18 U.S.C. § 2246(2).

Wash. Rev. Code § 9A.44.089's definition of "sexual contact" is broader than the federal definition.  The generic federal definition

ORDER DENYING MOTION TO DISMISS INDICTMENT - 3

requires, at a minimum, skin-to-skin touching.  *See United States v. Castro*, 607 F.3d 566, 570 (9th Cir. 2010).  Wash. Rev. Code § 9A.44.089, however, criminalizes touching through the clothing.  *See, e.g., State v. Soonalole*, 99 Wash.App. 207, 214 (2000) (affirming conviction for Third-Degree Child Molestation when the defendant fondled the victim's breasts and rubbed her thighs over her clothes).  Because a defendant could be convicted under Wash. Rev. Code § 9A.44.089 without engaging in a "sexual act" as federally defined, Wash. Rev. Code § 9A.44.089 is categorically broader than this first generic definition of sexual abuse of a minor.[1]

The second generic definition of sexual abuse of a minor contains three elements: "(1) sexual conduct; (2) with a minor; (3) that constitutes abuse."  *Castro*, 607 F.3d at 568 (citing *United States v. Medina-Villa*, 567 F.3d 507, 513 (9th Cir. 2009)).  Wash. Rev. Code § 9A.44.089 clearly contains the first two elements of this second generic definition of sexual abuse of a minor, sexual conduct with a minor.  Those elements are not in dispute.  However, the parties disagree as to whether Wash. Rev. Code § 9A.44.089 requires the third element, abuse.

The Ninth Circuit has concluded that "[a] criminal statute includes the element of 'abuse' if it expressly prohibits conduct that causes 'physical or psychological harm' in light of the age of the

---

[1] The Government's response indicates that this federal definition of sexual abuse of a minor involves statutory rape crimes, not sexual crimes against minors involving abuse.  (ECF No. 36 at 4 n. 2).  The Government agrees that Wash. Rev. Code § 9A.44.089 is categorically broader than this generic definition of sexual abuse of a minor.  *Id*.

ORDER DENYING MOTION TO DISMISS INDICTMENT - 4

victim in question." *Pelayo-Garcia*, 589 F.3d at 1014 (quoting *United Medina-Villa*, 567 F.3d at 513). Sexual conduct involving younger children is per se abusive. *See United States v. Baron-Medina*, 187 F.3d 1144 (9th Cir. 1999).

In *Jimenez-Juarez*, the Ninth Circuit recently held that a conviction for third-degree child molestation under Wash. Rev. Code § 9A.44.089 constitutes a "crime of child abuse" within the meaning of 8 U.S.C. § 1227(a)(2)(E)(i). The Court determined that the act of sexual touching of a 14- or 15-year old victim by one who is at least 48 months older constitutes, at a minimum, "maltreatment of a child and impairs the child's mental well-being." *Id*. at 1171. The Ninth Circuit thus found that such conduct amounts to "abuse".

The Court determines that Defendant's Washington conviction for Third-Degree Child Molestation under Wash. Rev. Code § 9A.44.089 qualifies under the second generic definition of "sexual abuse of a minor." Defendant's April 20, 2001 deportation did not violate Defendant's right to due process. Accordingly, Defendant's 2001 deportation may be used to form the basis for a § 1326 conviction in this matter.

The Court being fully advised, **IT IS HEREBY ORDERED** Defendant's Motion to Dismiss the Indictment (**ECF No. 25**) is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___6th___ day of December, 2011.

                                       S/Fred Van Sickle
                                       Fred Van Sickle
                       Senior United States District Judge